UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                      Criminal No. 10-CR-20566-01

vs.                                            HON. BERNARD A. FRIEDMAN

JARRIS JARROD SMITH,

    Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION
## FOR COMPASSIONATE RELEASE OR FOR REDUCTION OF SENTENCE

Defendant has filed a motion in this matter for compassionate release or for reduction of sentence [docket entry 153]. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. For the reasons stated below, the Court shall deny the motion.

Defendant first argues that the Court should reduce his sentence because his sentence is inconsistent with the First Step Act's anti-stacking provision. Def.'s Mot. at 2-5. No relief is available to defendant on this basis. The First Step Act's anti-stacking provision is not retroactive, as this Court recently held in *United States v. Robinson*, No. 99-CR-80809-04, 2020 WL 3603688, at *3 (E.D. Mich. July 2, 2020) (stating that "[t]he Court has no authority to modify a sentence except as permitted by the First Step Act . . . and Congress has specifically indicated that this 'anti-stacking' provision of the Act may not be applied retroactively"). Defendant was sentenced in November 2011, long before the First Step Act was enacted in December 2018. Further, the harsher sentence defendant received because he was convicted of three violations of 18 U.S.C. § 924(c) (using a firearm during a crime of violence) was proper

under the law that was in effect when defendant was sentenced. *See Deal v. United States*, 508 U.S. 129 (1993).

Defendant next argues that he is entitled to compassionate release because he has asthma and is therefore vulnerable to infection from the coronavirus. Def.'s Mot. at 5. Defendant has submitted prison medical records from 2015 showing that he has been diagnosed with asthma and was prescribed an inhaler. Under 18 U.S.C. § 3582(c)(1)(A)(i), the Court may, if other conditions are satisfied, reduce a defendant's sentence if "extraordinary and compelling reasons warrant such a reduction." Assuming that defendant's 2015 diagnosis is still accurate, the mere fact that he has asthma is not an extraordinary and compelling reason warranting a reduction in his sentence. As Judge Judith E. Levy of this Court has noted, according to the Centers for Disease Control and Prevention it is only individuals with "moderate to severe asthma" who are at "higher risk of getting very sick from COVID-19." *United States v. Brown*, No. 19-20202, 2020 WL 2812776, at *2 (E.D. Mich. May 29, 2020). Defendant does not claim that his asthma is moderate or severe. Moreover, defendant provides no information (or even any allegations) regarding the prevalence of the coronavirus at the institution where he is incarcerated or the measures being taken at that facility to control the spread of the virus. Defendant has therefore failed to show that his health and safety are at serious risk.

Finally, defendant argues that his achievements in prison, including his attainment of a GED diploma, are extraordinary and compelling reasons supporting his request for a reduced sentence. The Court congratulates defendant on these accomplishments and encourages him to continue pursuing his education. However, a defendant's "post-sentencing behavior," including accomplishments achieved in prison, are relevant under the First Step Act only if the

2

defendant is eligible for a reduced sentence, and in that event this is a factor the Court may consider. *See, e.g., United States v. Boulding*, 960 F.3d 774, 784 (6th Cir. 2020). As noted above, however, in the present case defendant is not eligible for a reduced sentence under the First Step Act because the anti-stacking provision of that statute is not retroactive. Accordingly,

IT IS ORDERED that defendant's motion for compassionate release or for reduction of sentence is denied.

s/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge

Dated: August 3, 2020
Detroit, Michigan

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 3, 2020.

Jarris Jarrod Smith, 44940039
Jesup Federal Correctional Institution
Inmate Mail/Parcels
2600 HIGHWAY 301 SOUTH
JESUP, GA 31599

s/Johnetta M. Curry-Williams
Case Manager

3