UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,                  Criminal Action No. 10-cr-20566
                                           HON. BERNARD A. FRIEDMAN

vs.

JARRIS JARROD SMITH,

           Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S RENEWED MOTION FOR COMPASSIONATE RELEASE OR REDUCTION IN SENTENCE

Before the Court is defendant Jarris Jarrod Smith's renewed motion for compassionate release or reduction in sentence. (ECF No. 173).   Smith supplemented the motion with an addendum. (ECF No. 172).  The Court will decide the motion without oral argument pursuant to E.D. Mich. LR 7.1(f)(2).  For the following reasons, the Court will deny the motion.

This is Smith's second motion for compassionate release.  He filed an earlier motion requesting the same relief in July 2020. (ECF No. 153).  The Court denied the motion in an opinion and order dated August 3, 2020. (ECF No. 154).  Smith appealed that decision unsuccessfully. *United States v. Smith*, No. 20-1852, 2021 U.S. App. LEXIS 13634 (6th Cir. May 6, 2021).

Smith's main contention is not a new one. He previously argued that the First Step Act's non-retroactive changes – which would have otherwise reduced his criminal sentence – present "extraordinary and compelling" circumstances warranting either his compassionate release or reduction in sentence. (ECF No. 153, PageID.471-73). Both this Court and the Sixth Circuit Court of Appeals specifically rejected that view. (ECF No. 154, PageID.552-53); *Smith*, 2021 U.S. App. LEXIS 13634, at *5-6. Recent developments in the Sixth Circuit's caselaw, however, necessitate reexamining his position.

The same day the Sixth Circuit affirmed this Court's decision denying him compassionate release, another Sixth Circuit panel endorsed the very same argument Smith had been advocating all along. In *United States v. Owens*, 996 F.3d 755 (6th Cir. 2021), a divided panel held that district courts may consider "the disparity between a defendant's actual sentence and the sentence that he would receive if the First Step Act applied" retroactively, as a factor when "making an individualized determination about whether extraordinary and compelling reasons merit compassionate release." *Id.* at 760.

But Judge Thapar dissented from this approach. Citing two earlier published opinions – *United States v. Tomes*, 990 F.3d 500 (6th Cir. 2021) and *United States v. Wills*, 991 F.3d 720 (6th Cir. 2021), he concluded that "[a] sentencing disparity resulting from the First Step Act's" non-retroactivity "is not—as a matter of law—

an extraordinary and compelling reason for a reduction in sentence." *Id.* at 764. In both *Tomes* and *Wills*, the Sixth Circuit found that (1) sentencing disparities are not an "extraordinary and compelling" enough to justify a sentence reduction because they permissibly stem from the First Step Act's non-retroactivity provisions, and (2) the compassionate-release statute (18 U.S.C. § 3582(c)(1)(A)) does not allow courts to "end run" Congress's "careful effort to limit the retroactivity of the First Step Act reforms." *Tomes*, 990 F.3d at 505; *see also Wills*, 991 F.3d at 724.

Now, the Sixth Circuit is engaged in a tug-of-war over whether to adhere to *Tomes* and *Wills* or follow the panel majority in *Owens*. *United States v. McCall*, 20 F.4th 1108, 1112-13 (6th Cir. 2021) (tracing the emerging schism in Sixth Circuit authority). An en banc panel is set to resolve the intra-circuit split in the next few months. *United States v. McCall*, 29 F.4th 816, 817 (6th Cir. 2022) (vacating the panel decision following *Owens* and granting en banc review). Until that time, the Court will adhere to its initial ruling – consistent with *Tomes* and *Wills* – that the disparity between Smith's actual sentence and the sentence he would have received if the First Step Act applied retroactively is not an "extraordinary and compelling" circumstance warranting compassionate release or a reduction in sentence. (ECF No. 154, PageID.552-553).

Smith's remaining arguments are less persuasive. Because his asthma and hypertension are stable (ECF No. 173, PageID.663), he was already infected with

3

COVID-19 (*Id.* at PageID.665), and COVID-19 vaccines are readily available to him at FCI Jesup, *see COVID-19 Coronavirus*, Federal Bureau of Prisons (last updated Aug. 5, 2022), https://www.bop.gov/coronavirus (listing the number of inmates and staff at FCI Jesup who have been fully vaccinated against COVID-19), Smith's medical condition does not merit compassionate release. *See United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (holding that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction."); *see also United States v. Drummond*, No. 21-3625, 2022 U.S. App. LEXIS 4059, at *5 (6th Cir. Feb. 14, 2022) (denying compassionate release in part because the defendant never alleged that his asthma and hypertension were not "well-managed").

And while laudable, adding Smith's post-sentence rehabilitation to the mix does not change this outcome. *See United States v. Redmond*, No. 20-5748, 2021 U.S. App. LEXIS 26631, at *6 (6th Cir. Sep. 2, 2021); 28 U.S.C. § 994(t). Accordingly,

IT IS ORDERED that Smith's renewed motion for compassionate release or reduction in sentence (ECF No. 173) is denied.


|                          | s/Bernard A. Friedman                  |
| Dated: August 10, 2022   | Bernard A. Friedman                    |
| Detroit, Michigan        | Senior United States District Judge    |


### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on August 10, 2022.

**Jarris Jarrod Smith** #44940-039          s/Johnetta M. Curry-Williams
JESUP                                       Case Manager
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
2600 HIGHWAY 301 SOUTH
JESUP, GA 31599